UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 08-CR-339

WAYNE W. KRUSE,

    Defendant.

**ORDER DENYING MOTION FOR STAY OF
SENTENCE PENDING APPEAL**

Defendant Wayne W. Kruse has filed a motion to stay execution of the sentence imposed in the above matter so that he can remain free on his own recognizance until his appeal is decided. Kruse was convicted of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and three counts of Filing a False Tax Return contrary to 26 U.S.C. § 7206(1), following a bench trial. The Court imposed a sentence of sixteen months in the custody of the Bureau of Prisons and Kruse has filed a Notice of Appeal. Kruse argues that his sentence should be stayed because his appeal involves substantial questions of law that likely will result in reversal of his conviction and a new trial. More specifically, he contends that the evidence was insufficient to support his conviction. He also argues he is not a flight risk and poses no danger to the safety of the community.

The motion is brought pursuant to 18 U.S.C. § 3143(b). That section provides that a person who has been found guilty of an offense and sentenced to a term of imprisonment should be detained even if he has filed an appeal the judge finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Applying that section in this case, I have no difficulty finding by clear and convincing evidence that Kruse is not likely to flee or pose a danger to the safety of any other person or the community if he is released pending his appeal. It is with the second finding required by subsection (B) that I have difficulty. I am unable to find, based on the evidence this Court heard and its findings of fact previously entered, that his appeal will likely result in reversal or an order for a new trial. Kruse does not even argue that the sentence imposed was unreasonable or that a lesser sentence is likely.

According to his motion, Kruse's sole argument on appeal is that the evidence presented at trial is insufficient to support his convictions. As the government points out in its response in opposition to the motion, a defendant seeking to overturn a finding of guilt based on the sufficiency of the evidence "faces a daunting task." *United States v. Kimoto*, 588 F3d 464, 472 (7th Cir. 2009). In this case, the Court entered detailed findings of fact supporting its conclusion that the defendant

was guilty of all four counts. Kruse states nothing in his motion that leads the Court to conclude that there is a likelihood of reversal or an order for a new trial.

In truth, the Court is also unable to make the finding that the appeal is not for the purpose of delay. The case was tried to the Court over one-and-a-half days beginning on April 13, 2009. Despite the relatively brief duration of the trial, Kruse's counsel requested the opportunity to brief the issues after a transcript was prepared. Briefing was completed by May 15, 2009, and Kruse then requested that the Court's decision be rendered orally. On May 29, 2009, the Court rendered its oral decision, and on May 30, 2009, it entered its written findings of fact pursuant to Fed. R. Crim. P. 23(c). Sentencing was set for September 11, 2009. Kruse moved to adjourn the sentencing because he needed additional time to complete his Declaration of Net Worth and Cash Flow Statement for the Pre-sentence Investigation Report ("PSI"), and it was rescheduled to October 2, 2009. The sentencing was thereafter moved to November 5 to accommodate the Court's schedule, but on November 4 the Court received a second request for adjournment from Kruse, this time requesting additional time to meet with the PSI author and possibly obtain an expert. Sentence finally occurred on December 3, 2009.

The series of delays and the questionable basis for them, as well as the doubtful merit of his appeal, prevents this Court from concluding that the appeal itself is not for purposes of delay. Accordingly, the motion for release pending appeal is denied.

**SO ORDERED** this   22nd   day of January, 2010.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge